UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) No. | 21-cr-00593 (ABJ) |
| MATTHEW EUGENE LOGANBILL, | ) | re: 21-mj-00311 (GMH) |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MOTION TO VACATE STATUS HEARING

Mr. Matthew Loganbill, through undersigned counsel, requests that this Honorable Court vacate the status hearing currently set on January 7, 2022 in front of the Honorable Michael G. Harvey, and as grounds states:

1. On March 16, 2021, Mr. Loganbill was charged in U.S. District Court for the District of Columbia via criminal complaint with Obstruction of a Congressional Proceeding, in violation of 18 U.S.C. §1512(c)(2), Unlawful Entry, in violation of 18 U.S.C. §§ 1752(a)(1) and (a)(2); Aiding and Abetting, in violation of 18 U.S.C. § 2(a), and Violent Entry and Disorderly Conduct, in violation of 40 U.S.C. §§ 5104(e)(2)(D) and (G). *See* ECF No. 1.

2. On March 29, 2021, Mr. Loganbill was arrested in Versailles, Missouri, his home jurisdiction, pursuant to the arrest warrant generated by the criminal complaint. *See* ECF No. 5. On the same day, the FBI executed a search warrant at Mr. Loganbill's residence and seized his computer.

3. On April 2, 2021, Mr. Loganbill had his initial appearance in U.S. District Court for the District of Columbia. At that time, he motioned the court to appoint counsel. The Court, upon representations made in his original financial affidavit, denied that request. It then set an Ascertainment of Counsel hearing for May 3, 2021. *See* Minute Entry.

4. Following that initial appearance, Mr. Loganbill attempted to retain private counsel but due to insufficient funds, he was not able to secure representation.

5. Upon reflection of Mr. Loganbill's financial affidavit, it is clear that his assets were not liquid, but were instead, estimated valuations of his home and business. To obtain the necessary liquid funds, his only option was to borrow against the valuations of his home and business through a bank-sponsored loan. However, his bank expressed that it would not authorize a loan unless or until he submits his personal and business 2020 federal income tax returns.

6. Mr. Loganbill was unable to submit his 2020 tax returns because the FBI is in possession of his computer, which contained the requisite financial records.

7. On May 3, 2020, Mr. Loganbill and undersigned explained this to Magistrate Meriweather and she, upon Mr. Loganbill's motion, appointed undersigned as interim counsel. *See* Minute Entry. The Court then set this case for another Ascertainment of Counsel hearing on May 27, 2021.

8. On May 27, 2021, undersigned explained to the Court that the government was not willing to release Mr. Loganbill's computer from the custody of the FBI unless he signed a specific stipulation agreement. Undersigned further advised the Court that Mr. Loganbill was counseled not to sign the stipulation. As a result, until his case is concluded, the government will retain possession of Mr. Loganbill's computer and he will not have access to his financial records to file his 2020 taxes.

9. Because of these representations, Magistrate Meriwether extended undersigned's appointment, and set the case for another Ascertainment of Counsel and Status hearing on July 12, 2021. She further advised the parties to address reconsideration of appointment

of counsel before Magistrate Harvey, since Magistrate Harvey made the initial ineligibility finding.

10. On June 11, 2021, undersigned submitted a motion for reconsideration of appointment of counsel.  *See* ECF No. 10.

11. In July 2020 the Court held a series of status hearings to determine if Mr. Loganbill could avail himself of the Federal Public Defender's services.  During the course of these hearings, Mr. Loganbill communicated that he no longer owned the business that caused the Court to initially deny appointed counsel.

12. As a result of this new revelation, the Court allowed the Federal Public Defender to continue to represent Mr. Loganbill, finding that it could consider the argument that his assets were not liquid.  It then set a status for January 7, 2022 to determine if, at that time, he would be required to reimburse the Federal Public Defenders for its representation. *See* Minute Entries.

13. On September 22, 2021, Mr. Loganbill was indicted by a federal grand jury for the same charges listed in his complaint.  *See* EFC No. 15.  Importantly, this included the felony offenses of 18 U.S.C. § 1512(c)(2) and 18 U.S.C. § 2.

14. As a result of the indictment, and because 18 U.S.C. § 922(n) prohibits possession of firearms and ammunition by a person under indictment for a felony, Mr. Loganbill completely dispossessed himself of all firearms.  However, doing so necessarily disrupted his income, because prior to this indictment, he was employed as a federal firearms dealer and also worked at the gun range he previously owned.  Therefore, the filing of the indictment forced Mr. Loganbill to divorce himself from the businesses completely and seek employment and income elsewhere.

15. On December 29, 2021, Mr. Loganbill submitted a signed, updated financial affidavit which lists his current assets and expenses.  *See* Sealed Attachment A.

16. Based on the representations made in that financial affidavit, Mr. Loganbill should be considered indigent and unable to afford private counsel.

17. Therefore, the Federal Public Defenders Office for the District of Columbia, through undersigned and with the support of Mr. Loganbill, request that the current status set for January 7, 2022 be vacated and Mr. Loganbill be considered indigent for the purposes of representation, which would include no requirement of reimbursement for legal fees already incurred, or going forward.

18. Mr. Loganbill has been advised and understands he is under a continuing obligation to submit new financial affidavits if his financial situation significantly changes during the pendency of the instant case.

19. The United States has been consulted and takes no position on this motion.

WHEREFORE, Mr. Loganbill asks this Honorable Court to vacate the status hearing currently set for January 7, 2022 in front of the Honorable Harvey, and not require reimbursement to the Federal Public Defenders for the District of Columbia for its services.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

_____/s/_____
CARA HALVERSON
Assistant Federal Public Defender
625 Indiana Ave. NW, Ste. 550
Washington, D.C. 20004
(202) 208-7500
cara_halverson@fd.org
