## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **Crim. Action No. 1:21CR593(ABJ)** |
| **MATTHEW LOGANBILL,** | |
| **Defendant.** | |

## MR. LOGANBILL'S MOTION TO DISMISS INDICTMENT FOR VIOLATION OF HIS RIGHT TO A SPEEDY TRIAL

Matthew Loganbill, pursuant to the Speedy Trial Act ("STA"), 18 U.S.C. § 3161, and Federal Rule of Criminal Procedure 48(b)(3), respectfully moves this Honorable Court to dismiss the indictment with prejudice. Under the STA, the Court must dismiss the indictment because the government failed to try Mr. Loganbill within seventy days of the filing of the indictment, even when factoring exclusions of time to which the defense consented and exclusion for the disposition of pre-trial motions. For the reasons that follow, the Court should dismiss the indictment with prejudice.

### Factual and Procedural Background

Mr. Loganbill was arrested over two years ago on April 2, 2021, on a warrant charging him with various offenses arising out of January 6, 2021. He was released following his arrest and ordered to comply with various conditions of pre-trial release, including a condition not to have firearms in his residence, despite the fact that he is

a licensed firearms owner. Mr. Loganbill has been fully compliant with conditions of release for over two years.

Six months after he was arrested, on September 22, 2021, Mr. Loganbill was charged by indictment with one count of obstruction of justice, in violation of 18 U.S.C. § 1512 (c)(2), one count of entering and remaining in a restricted building, in violation of 18 U.S.C. § 1752(a)(1), one count of disorderly and disruptive conduct in a restricted building, in violation of 18 U.S.C. § 1752(a)(2), one count of disorderly conduct in a Capitol building, in violation of 40 U.S.C. § 5104(e)(2)(D), and one count of parading, demonstrating or picketing, in violation of 40 U.S.C. § 5104(e)(2)(G). ECF. No. 15.

For the months that followed, the parties engaged in plea negotiations. Mr. Loganbill had consistently made clear that he was ready and willing to accept responsibility for all counts but the obstruction of justice count. For its part, the government appeared to be amenable to such a resolution. During the summer of 2022, assigned government counsel at the time represented that the government needed to conduct an outside "trace" of Mr. Loganbill's movements on the Capitol grounds. Government counsel further represented that if there was no evidence that Mr. Loganbill engaged in violent conduct on January 6, the parties could finally enter into the misdemeanor plea agreement that the parties had been discussing. In the spirit of cooperation and hoping to resolve the case, Mr. Loganbill agreed to toll the speedy trial clock for a limited period while the government conducted the trace investigation.

Prior to the last hearing—held on October 28, 2022—government counsel advised that despite the fact that the government had conducted an exhaustive trace investigation *and there was no evidence that Mr. Loganbill engaged in any violence*, it was unwilling to offer a plea to the trespass counts. Mr. Loganbill was disappointed and surprised by this about-face, especially in light of representations the government had made to the contrary just one month prior.

At the October 28, 2022, hearing the Court set a motions deadline. Motions were due January 7, 2023, responses due January 20, 2023, and replies due January 27. At the status hearing, the Court excluded time between October 28, 2022, and January 6, 2023.

Mr. Loganbill timely filed three motions, each of which were identical to motions the Court had denied in other January 6 cases. *See* ECF. No. 44 (Motion to Change Venue), ECF. No. 45 (Motion to Dismiss Obstruction Count), ECF. No. 46 (Motion to Dismiss 1752 Counts). In each motion, counsel acknowledged that the Court had already denied the motions and noted, in effect, that the motions were filed to preserve the record. The government timely responded to the defense motions, with responses identical to responses filed in dozens of other January 6 cases. *See* ECF No. 47, 48, 49. Recognizing that the Court had already addressed the issues raised in the motions, the defense declined to file replies. Thus, the motions have been fully briefed since January 20, 2023. Because the Court had previously ruled on identical motions, the motions were pro forma. Indeed, neither party requested a hearing on the motion, a hearing was not scheduled, and the Court denied the motions on the papers. The

Court denied the Motion to Transfer Venue on April 19, 2023, and the Motions to Dismiss on May 1, 2023. Therefore, all motions have been disposed of for purposes of the STA for over seventy days. The Court recently scheduled a status hearing on July 14, 2023. A trial date has not been set.

Because it is now past the seventy days the Speedy Trial Act permits trial to begin, even factoring exclusions to which the defense consented and exclusion for the disposition of motions, the indictment must be dismissed.

<u>**Argument**</u>

The STA provides:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within *seventy days* from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1) (emphasis added).

The Act provides that some specific periods of delay are excluded when computing these time limitations. *See* 18 U.S.C. § 3161(h). Of course, the filing of motions triggers the exclusion of time, but the exclusion is limited when the motions can be decided on the papers, without a hearing.

The STA reads in relevant part:

(h): the following periods shall be excluded from computing the time within which the trial of any such offense must commence:

(1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to—"

. . .

(D) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;"

(H) delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court."

18 U.S.C. § 3161(h).

The Supreme Court has addressed when a motion triggers exclusion of time without limitation. *See United States v. Henderson*, 476 U.S. 321 (1986). In *Henderson*, the Court differentiated between two types of motions: First, there are motions which require a hearing. Second, there are motions that may be decided without a hearing. For motions that require a hearing, the Court held that the phrase "or other prompt disposition" does not imply that only "reasonably necessary" delays may be excluded. *Id*. at 328. However, relevant to this case, for motions that do not require a hearing, the Court held that the "prompt disposition" requirement was "intended to provide a point at which time will cease to be excluded, where motions are decided on the papers filed without hearing." *Id.* at 329 (internal citations omitted). Therefore, for motions that do not require a hearing, § 3161(h)(1)(H) tolls the speedy clock only for "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court." 18 U.S.C. § 3161(h)(1)(H). *See also United States v. Bryant*, 523 F.3d 349, 359 (D.C. Cir. 2009) (recognizing that in *Henderson*, the Supreme Court differentiated between motions that require a hearing and motions that where decided on the papers. For the latter, the clock is tolled for a period not to exceed thirty days.); *United States v. Van Rice*, 746 F.3d 1074, 1080 (D.C. Cir. 2014)

(affirming that where the court does not hold a hearing on the motion, the STA excludes the period of time between the filing of the motion and the day the court receives all the submissions it reasonably expects in relation to the motion after which up to 30 days is excluded for the court to take the motion under advisement).

The D.C. Circuit has applied *Henderson's* differentiation between motions which require a hearing and those that can be decided on the papers. In *United States v. Bryant*, the Circuit held that the district court erred in excluding time after the government filed a notice of intent to introduce evidence under Rule 609. *Bryant* at 361. The Circuit observed that the district judge "never held a hearing on the Rule 609 question, nor did it indicate that such a hearing might be required. Thus, once [defense] counsel failed to file a timely response. . . the Rule 609 filing was 'under advisement' . . . this meant the trial judge could toll the speedy trial clock only for an additional 30 days while deciding the motion." *Bryant*, 523 F.3d at 359. The Court reasoned that allowing the district court to exclude time would "defeat the purpose of the STA" because the STA was designed "not just to benefit defendants but to serve the public interest by, among other things, reducing defendants' opportunity to commit crimes while on pretrial release and preventing extended pretrial delay from impairing the deterrent effect of punishment." *Id.* at 360 (quoting *United States v. Zedner*, 547 U.S. 489, 501 (2006)).

    i.    **The indictment should be dismissed because a trial this time will violate the Speedy Trial Act.**

The indictment was filed on September 22, 2021. The last hearing in this case was held on October 28, 2022. Mr. Loganbill concedes that the time between

September 22, 2021 and October 28, 2022, is excluded because defense counsel had agreed to toll time so that counsel could review discovery and the parties could engage in plea negotiations. After plea negotiations broke down, defense counsel advised that Mr. Loganbill would proceed to trial. The Court then set motions deadlines and ordered that time between the October 28, 2022 hearing and January 6, 2023, is tolled. Replies to responses were due January 27, 2023. Minute Order 10/28/2022. Therefore, the Court had all pleadings it could expect by that date. The Court denied all Motions on the papers by May 1, 2023. <u>July 10, 2023, marks seventy days since the Court has denied the motions</u>. Therefore, a trial after July 10, 2023, clearly violates the Speedy Trial Act because the government had seventy days after the disposition of motions to try Mr. Loganbill.

Furthermore, the motions were those that triggered only a 30-day exclusion because they were motions that could be, and were, decided on the papers. Under *Henderson* and its progeny, the thirty-day "under advisement" period for motions that do not require a hearing started on January 27, 2023. After January 27, 2023, the clock started ticking again. Thus, the government actually had seventy days from January 27, 2023, to bring Mr. Loganbill to trial.

In any event, even assuming *arguendo* that the motions do not fall under *Henderson*, seventy days has passed since the Court disposed of the motions and the indictment must be dismissed.

### ii.    The indictment should be dismissed with prejudice

18 U.S.C. § 3162(a) sets forth non-exhaustive factors to guide a court in determining whether dismissal should be with or without prejudice: the seriousness of the crime, the facts and circumstances leading to the dismissal, and the impact of reprosecution on the administration of the STA and on the administration of justice. 18 U.S.C. § 3162(a)(2). The court may also consider factors other than the three listed, including any prejudice to the defendant resulting from the speedy trial violation. *Id.*; *United States v. Taylor*, 487 U.S. 326, 338-39 (1988) (recognizing that "bad faith or a "pattern of neglect" would support a dismissal with prejudice).

In this case, the § 3162 factors weigh in favor of dismissal with prejudice. Mr. Loganbill is charged with one felony that did not involve any violence or threats to officers. Other than the obstruction count, he is charged with various trespass offenses for entering the Capitol on January 6. As for the circumstances leading up to this point, this case seems to have slipped through the cracks, underscoring that Mr. Loganbill's alleged offenses are not so serious that the Department of Justice identified a pressing need to prosecute him. To the contrary, the docket shows that the government has done little to advance this case to trial and instead dangled the possibility of a favorable resolution for two years. *See United States v. Bert*, 814 F.3d 70, 81 (2d Cir. 2016) (a finding of a "truly neglectful attitude" can tip the facts and circumstances in favor of a dismissal with prejudice); *C.f. United States v. Ferguson*, 565 F. Supp. 2d 32, 47 (D.D.C. 2008) (dismissing the case without prejudice in part

because "the Government repeatedly represented that it was ready to proceed to trial.").

Finally, excusing the government's neglect while Mr. Loganbill has been under conditions of release for over two years would undermine the fair administration of justice. The government as well as trial courts should be incentivized to comply with the STA. *See Zedner*, 547 U.S. at 499 (dismissal with prejudice is a "powerful incentive" to comply with the strictures of the Act).

## Conclusion

Mr. Loganbill agreed to toll Speedy Trial for a limited period because the government gave defense counsel the impression that doing so would likely result in a favorable disposition. When that did not happen despite the fact that Mr. Loganbill has been cooperative, compliant, and engaged in no violence on January 6, Mr. Loganbill declined to consent to the exclusion of time. The government has failed to bring Mr. Loganbill to trial within the seventy days permitted by the Speedy Trial Act, even when factoring in exclusions of time permitted by the Act. Therefore, the indictment must be dismissed and should be dismissed with prejudice.

Respectfully Submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER


_____/s/_____
ELIZABETH MULLIN
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550

Washington, D.C.  20004
(202) 208-7500